**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE ENRIQUE MENDEZ**, <br><br> Plaintiff, <br><br> vs. <br><br> **ALL STAR PAVING & MASONRY, LLP,** and **THOMAS CONNOR, individually,** <br><br> Defendants. | **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** <br><br> **Civil Action No.:** |

Plaintiff JOSE ENRIQUE MENDEZ ("Mendez" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants ALL STAR PAVING & MASONRY, LLP, ("Corporate Defendant" or "All Star") and THOMAS CONNOR, individually ("Connor") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt laborer duties for the Defendants in New Jersey and based from Defendants' principal place of business located in North Brunswick, Middlesex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, All Star, was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant purchases and uses equipment from states other than New Jersey. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using tools and product which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Mendez is an adult individual who is a resident of Plainfield, Union County, New Jersey.

9. Plaintiff Mendez was employed by Defendants full time as a laborer, from in or about May 2017, through in or about April, 2018.

10. Upon information and belief, the Defendants own and operate a paving and masonry company servicing clients throughout the State of New Jersey.

11. Upon information and belief, the Defendant All Star, is headquartered in North Brunswick, Middlesex County, New Jersey.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant All Star, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant All Star's annual gross volume of sales or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant All Star was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Defendant Thomas Connor is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Connor has been an owner, partner, officer and/or manager of the Defendant All Star.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Connor has had power over personnel decisions at the Defendant All Star.

17. Defendant Thomas Connor was regularly present at the North Brunswick location, as well as the other locations where Defendant was performing construction for its clients, and managed the day to day operations, controlled the employees, pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

**FACTS**

18. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, the minimum wage, as well as the overtime rate for all hours worked in a work week.

19. Plaintiff Mendez was only paid for forty (40) hours of work during a work week.

20. Plaintiff Mendez routinely worked five (5) days per week.

21. Plaintiff Mendez worked approximately sixty (60) hours per week.

22. Plaintiff Mendez was not paid for the hours worked in a work week in excess of forty (40) hours.

23. Plaintiff Mendez was not paid at an overtime rate for hours that he worked in excess of forty (40) hours in a work week.

24. Plaintiff Mendez was paid zero dollars for the last three (3) weeks of employment with Defendants.

25. Upon information and belief, employees similarly situated to Plaintiff were also not compensated at the minimum wage, and for their overtime hours (hours worked in excess of forty (40)) each week.

26. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

27. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

28. This cause of action is brought to recover from Defendants, minimum wages and overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under

the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

29. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

30. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

31. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

32. The additional persons who may become Plaintiffs in this action are Defendants' laborers who have worked and not received the minimum wage for all hours worked, and/or received overtime hours in one or more work periods, on or after May 21, 2016, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

33. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

36. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

37. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to him at time and one half of their regular rate of pay for their overtime hours worked in a work period.

38. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 39 above.

41. Defendants' aforementioned conduct is in violation of the NJWHL.

42. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE FLSA

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

44. Plaintiff is entitled to be paid additional compensation for each of the hours he worked, so as to bring his pay up to the minimum wage for hours worked in a work week.

45. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

46. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to him, the minimum wage for their hours worked in a work week

47. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT IV
## RECOVERY OF MINIMUM WAGE COMPENSATION
## PURSUANT TO THE NJWHL

49. Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

50. Pursuant to New Jersey Statutes §§ 34:11-56a4 et seq., every employer shall pay to each of his employees, wages at a rate of not less than the minimum wage.

51. In violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required minimum wage compensation for all they hours worked up to forty (40) hours a week for the Defendants.

## JURY TRIAL

52. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff JOSE ENRIQUE MENDEZ, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants ALL STAR PAVING & MASONRY, LLP, and THOMAS CONNOR, individually, for the payment of compensation for all hours due them at the minimum wage rate, and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: May 21, 2018                                    Respectfully submitted,

 s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*